## STATE v. HENRY EDWARD TOFTELAND.[1]

November 19, 1943.

No. 33,595.

*M. Tedd Evans* and *Louis H. Smith,* for appellant.
*Mort B. Skewes,* County Attorney, for the State.

MAGNEY, JUSTICE.

In a proceeding to determine paternity, defendant was found to be the father of complainant's twin female children. He appeals from the order denying his motion to set aside the verdict and for a new trial.

The children were born on July 28, 1942. Defendant admits having had sexual intercourse with complaining witness on November 16, 1941. Her last menstrual period commenced November 6, 1941. From that date to July 28, 1942, 264 days elapsed, thus lacking 16 days of the usual full period.

It is defendant's position that complainant had intercourse with another man on November 25, 1941, and that no one can determine who is the father of her children. The other man so testifies. Complainant admits intercourse with the other man but claims it did not take place until January 1942. Both complainant and the

[1]Reported in 11 N. W. (2d) 826.

other man testified that after the intercourse she was driven to the house in Luverne where she was staying. According to complainant's testimony, she did not move into this house until after New Year's 1942. In this she is corroborated by her brother.

The county attorney first filed an information in this matter. Defendant claims that he was prejudiced thereby. The filing of the information did not come to the attention of the jury. The court instructed the jury that the proceeding was brought upon the complaint of Julia Jensen, in the name of the state, its purpose being to determine the paternity of her illegitimate children. No possible prejudice could have resulted from the filing of the information.

The question of guilt was one of fact for the jury.

Affirmed.

MR. JUSTICE LORING, absent because of accidental injuries, took no part in the consideration or decision of this case.